## Case No. 4,533.

ESSEX HOSIERY MANUF'G CO. v. DORR MANUF'G CO.

[14 Hunt, Mer. Mag. 355.]

Circuit Court, D. Massachusetts. 1846.

SPRAGUE, District Judge, in delivering his opinion, said that a preliminary injunction should only be issued for the purpose of preventing mischief, and in aid of the legal right. A judgment at law, although the best evidence, was not the only evidence of the legal right; but, in its absence, the court would look more carefully into the circumstances of the case, and especially to the mischief that might be produced by granting an injunction. The vigilance or acquiescence of the complainant, were also circumstances requiring attention.

1. As to the point of mischief: The defendants had a manufacturing establishment, of more than $100,000 capital, and employing more than a hundred workmen. An injunction, by arresting their business, would

produce great mischief, for which, if the suit should terminate in their favor, there would be no remedy. On the other hand, there was no doubt of their pecuniary ability to pay the damages which should be awarded, in case the suit should be determined in favor of the plaintiffs. And the danger that others would follow the defendants' example did not appear to be imminent.

2. As to the point of vigilance: The plaintiffs had notice of the application for the patent which the defendants hold, and resisted it. In the summer of 1844, the agent of the holders of the first (the plaintiffs') patent saw a machine made under the second patent publicly exhibited, and in February, 1845, saw one of them in actual operation. The present suit was not brought until October. There had, consequently, been some want of vigilance on the part of the plaintiffs, not affecting their legal rights, but to be taken into view upon the application for an injunction.

3. As to the evidence of the legal right: The strength of the plaintiffs' exclusive possession, as evidence of their exclusive right, depended upon the knowledge which the public had of it, their interest to resist it, and the extent and duration of their submission to it. This machine had been used by no one but the plaintiffs and their predecessors; and an agent had been unsuccessful in attempting to introduce it in England and Scotland.

His honor then reviewed the evidence as to the question whether the plaintiffs' patent had been infringed by the defendants, and said that, without expressing an opinion further than it was necessary to dispose of the question before him, he considered that the plaintiffs' right, so far as the acts of the defendants might affect it, was left in too much doubt to authorize a preliminary injunction, under the circumstances of the present case. He therefore refused to grant the injunction, but ordered that the defendants keep an account, to be forthcoming on the trial of the action at law now pending between the parties.